L. Kieran Kieckhefer (SBN 251978)
  kkieckhefer@gibsondunn.com
Christina E. Myrold (SBN 324183)
  cmyrold@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:    415.393.8200
Facsimile:    415.393.8306

Ilissa Samplin (SBN 314018)
  isamplin@gibsondunn.com
Shaun A. Mathur (SBN 311029)
  smathur@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

Ahmed ElDessouki (*pro hac vice forthcoming*)
  aeldessouki@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:    212.351.4000
Facsimile:    212.351.4035

*Attorneys for Plaintiff*
*CADENCE DESIGN SYSTEMS, INC.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUZHOU TIANZHUN TECHNOLOGY CO., LTD. (d/b/a SUZHOU TZTEK TECHNOLOGY CO., LTD.), SUZHOU TIANZHUN SOFTWARE CO., LTD. (d/b/a SUZHOU TZTEK SOFTWARE CO., LTD.), SUZHOU LONGSHAN SOFTWARE TECHNOLOGY CO., LTD., SUZHOU TENGCHAO MECHANICAL AND ELECTRICAL EQUIPMENT CO., LTD. (d/b/a SUZHOU TRANSCEND EQUIPMENT CO., LTD.), SUZHOU LONGYUAN SOFTWARE CO., LTD., SUZHOU TIANZHUN XINGZHI | Case No. 5:24-CV-08816 <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR (1) COPYRIGHT INFRINGEMENT; (2) VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT; AND (3) BREACH OF CONTRACT** <br><br> DEMAND FOR JURY TRIAL |

Gibson, Dunn & Crutcher LLP

COMPLAINT
CASE NO. 5:24-CV-08816

| | |
|---|---|
| 1 | TECHNOLOGY CO., LTD. (d/b/a SUZHOU STELLARMIND TECHNOLOGY CO., LTD.), HONGKONG TZTEK TECHNOLOGY LTD., and CALIFORNIA TZTEK TECHNOLOGY LLC, |
| 2 | |
| 3 | |
| 4 | Defendants. |

Plaintiff Cadence Design Systems, Inc. ("Cadence") hereby brings this Complaint against Defendants Suzhou TZTEK Technology Co., Ltd., Suzhou TZTEK Software Co., Ltd., Suzhou Longshan Software Technology Co., Ltd., Suzhou Transcend Equipment Co., Ltd., Suzhou Longyuan Software Co., Ltd., Suzhou StellarMind Technology Co., Ltd., HongKong TZTEK Technology Ltd., and California TZTEK Technology LLC (together, "Defendants").

## INTRODUCTION

1. Defendants are serial copyright infringers—repeatedly and illegally exploiting counterfeit or "cracked" copies of Cadence's proprietary software to design and sell specialized vision equipment to their own customers. Through their extensive, ongoing, and unauthorized use of Cadence's valuable software, Defendants have avoided paying millions of dollars in license fees to Cadence and thereby have obtained an unfair advantage, not only with respect to Cadence, but also against Defendants' competitors who abide by the law and obtain licenses to use Cadence's proprietary software. Defendants' infringement is willful and malicious and must be stopped, and Cadence must be compensated for the harm Defendants have already caused.

2. Cadence is a worldwide leader in Electronic Design Automation ("EDA") software, which is used by customers in nearly every industry, including automotive, mobile, aerospace, consumer electronics, and healthcare. Cadence has invested significant time and millions of dollars developing its proprietary software. As part of its intellectual property portfolio, Cadence owns registered U.S. copyrights to protect its proprietary software from unauthorized use. To lawfully use Cadence's proprietary software, customers must obtain a license from Cadence and pay ongoing license fees. Defendants have never sought a license from Cadence or any other form of authorization from Cadence to make use of its proprietary software. Instead, Defendants have persisted on an unlawful path—willfully accessing and using counterfeit or "cracked" versions of Cadence's software without authorization or payment. The U.S. Copyright laws protect copyright holders like Cadence from such flagrant theft.

3. This is not a small-scale operation of theft unbeknownst to Defendants' executives. Defendants' executives know Defendants are making extensive, unauthorized use of Cadence's software because Cadence has sent multiple letters to Defendants describing their illegal conduct and

demanding it cease. Defendants have ignored Cadence's demands and continue to willfully and blatantly infringe Cadence's copyrights. Cadence brings this action for copyright infringement under the Copyright Act, circumvention of the technological measures that control access to Cadence's software under the Digital Millennium Copyright Act ("DMCA"), and breach of contract, to put a stop once and for all to Defendants' unlawful conduct and to obtain just compensation for the significant damage caused.

## THE PARTIES

4. Plaintiff Cadence is a corporation organized and existing under the laws of the State of Delaware, with its principal place business in San Jose, California.

5. According to publicly available business information, Defendant Suzhou TZTEK Technology Co., Ltd. is a Chinese corporation, with its principal place of business at No. 188, Wutaishan Road, High-tech Zone, Suzhou City, Jiangsu Province, China.

6. According to publicly available business information, Defendant Suzhou TZTEK Software Co., Ltd. is a Chinese corporation, with its principal place of business at No. 78 Ke Ling Road, Suzhou New District, Suzhou City, Jiangsu Province, China. Defendant Suzhou TZTEK Software Co., Ltd. is a wholly-owned subsidiary of Defendant Suzhou TZTEK Technology Co., Ltd.

7. According to publicly available business information, Defendant Suzhou Longshan Software Technology Co., Ltd. is a Chinese corporation, with its principal place of business at No. 78 Ke Ling Road, Suzhou New District, Suzhou City, Jiangsu Province, China. Defendant Suzhou Longshan Software Technology Co., Ltd. is a wholly-owned subsidiary of Defendant Suzhou TZTEK Technology Co., Ltd.

8. According to publicly available business information, Defendant Suzhou Transcend Equipment Co., Ltd. is a Chinese corporation, with its principal place of business at No. 8 Dongwang Road, Suzhou Industrial Park, Suzhou City, Jiangsu Province, China. Defendant Suzhou Transcend Equipment Co., Ltd. is a wholly-owned subsidiary of Defendant Suzhou TZTEK Technology Co., Ltd.

9. According to publicly available business information, Defendant Suzhou Longyuan Software Co., Ltd. is a Chinese corporation, with its principal place of business at No. 8 Dongwang Road, Suzhou Industrial Park, Suzhou City, Jiangsu Province, China. Defendant Suzhou Longyuan

Software Co., Ltd. is a wholly-owned subsidiary of Defendant Suzhou TZTEK Technology Co., Ltd.

10. According to publicly available business information, Defendant Suzhou StellarMind Technology Co., Ltd. is a Chinese corporation, with its principal place of business at No. 188, Wutaishan Road, High-tech Zone, Suzhou City, Jiangsu Province, China. Defendant Suzhou StellarMind Technology Co., Ltd. is a majority-owned subsidiary of Defendant Suzhou TZTEK Technology Co., Ltd.

11. According to publicly available business information, Defendant HongKong TZTEK Technology Ltd. is a Hong Kong corporation, with its principal place of business at Rm. 1908-09, Lippo Centre Tower 1, 89 Queensway, Admiralty, Hong Kong. Defendant HongKong TZTEK Technology Ltd. is a wholly-owned subsidiary of Defendant Suzhou TZTEK Technology Co., Ltd.

12. According to publicly available business information, Defendant California TZTEK Technology LLC is a limited liability company registered with the California Secretary of State, with its principal place of business at 700 N Valley Street, Suite B, Anaheim, California 92801.

13. According to publicly available business information, Defendant California TZTEK Technology LLC is a wholly-owned subsidiary of HongKong TZTEK Technology Limited, and HongKong TZTEK Technology Limited is a wholly-owned subsidiary of Defendant Suzhou TZTEK Technology Co., Ltd.

14. According to publicly available business information, the main business of Defendant California TZTEK Technology LLC is to develop a North American market business for Defendant Suzhou TZTEK Technology Co., Ltd.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, *et seq*. (copyright infringement), 17 U.S.C. §1201, *et seq*. (circumvention of copyright protection systems under the Digital Millennium Copyright Act), and 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a). The Court has supplemental jurisdiction over Cadence's breach of contract claim under 28 U.S.C. §1367(a).

16. This Court has personal jurisdiction over Defendants because Defendants contractually agreed to "submit to exclusive jurisdiction in the federal and state courts of California, U.S.A. in the

event of a dispute" pursuant to sections 27 and 26 of the Software License and Maintenance Agreement ("SLMA"). Defendants agreed to this when they installed the pirated Cadence software and then breached as alleged herein.

17. This Court also has personal jurisdiction over Defendant California TZTEK Technology LLC because it is a California limited liability company based in Anaheim, California and subject to general jurisdiction in this State.

18. This Court also has personal jurisdiction because, as further alleged herein, Defendants have used "cracked" and/or unauthorized versions of Cadence's proprietary software knowing that such unauthorized use would cause injury to Cadence in California and this District.  The SLMA—to which Defendants necessarily had to agree by installing the software—states that any dispute shall be governed by the "laws of the State of California" and that Cadence's principal place of business is located in San Jose, California.  Data that Cadence has collected relating to Defendants' unauthorized use of Cadence software also indicates that Defendants repeatedly used "cracked" and/or unauthorized versions of Cadence software while connected to Internet Protocol Addresses ("IP Addresses") located in this District.  Additionally, Defendants have repeatedly bypassed technological measures in this District designed to prevent unauthorized access to and use of Cadence's software.

19. Venue is proper in this District pursuant to the terms of the SLMA.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and (d) because Defendants are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

**A.   The Cadence Software**

20. Founded in 1988, Cadence is a worldwide leader in EDA software for the semiconductor industry.  Cadence's EDA software products, including the Cadence Allegro®, Cadence OrCAD®, Cadence PSpice®, and Cadence Sigrity® design platforms (collectively, the "Cadence Software"), are well-known throughout the EDA world.

21. The Cadence Software is used by a wide array of customers, including semiconductor manufacturers, car makers, wireless technology makers, and other precision manufacturers. Cadence's sophisticated suite of high-end EDA software allows Cadence's customers to design, model, and

optimize printed circuit boards and semiconductor chips that are then sold throughout the world and used in myriad industries—from computers, to cell phones, to remote-controlled drones. The Cadence Software has received awards and accolades from respected publications.

22. Since its founding, Cadence has invested hundreds of millions of dollars and expended considerable resources researching, developing, designing, and refining the Cadence Software to remain at the forefront of the EDA industry.

23. Cadence licenses the Cadence Software throughout the United States, Europe, Asia, and other parts of the world. Today, thousands of companies worldwide lawfully use the Cadence Software.

24. The Cadence Software is a creative and original work subject to copyright protection under Title 17 of the United States Code. Cadence owns the U.S. copyright registrations for the Cadence Software, as well as updates and improvements to those products.

25. Each version of the Cadence Software is associated with one or more U.S. copyright registrations. The Cadence copyright registrations that are relevant to this dispute have the following copyright registration numbers:

| Product | U.S. Copyright Registration No. |
|---|---|
| Allegro 16.5 | TX0007751386 |
| Allegro PCB 16.6 | TX0008323840 |
| Clarity 3D Solver 2019 | TX0008905132 |
| OrCAD 16.5 | TX0008320016 |
| OrCAD 16.6 | TX0008320041 |
| OrCAD 17.2 | TX0008320040 |
| Sigrity 2015 | TX0008322028 |
| Sigrity 2016 | TX0008264236 |
| Sigrity 2017 | TX0008320010 |
| Sigrity 2019 | TX0009049823 |
| Sigrity 2021.1 | TX0009335698 |

**B.    Cadence's Software Security Measures**

26. To protect its software and intellectual property against unauthorized use, Cadence has made significant investments in technology designed to prevent unauthorized access or use.

27. As part of Cadence's copyright protection system, the Cadence Software will not

operate unless a user first installs the Cadence License Manager, which is a software management tool that controls use of the Cadence Software to ensure that a customer's use of Cadence Software does not exceed the number of licenses it has purchased.

28. The Cadence License Manager is typically installed on a server maintained by the user (the "License Server") that is accessible over a network to the computer(s) on which Cadence Software will be installed.

29. Upon the purchase of the Cadence Software, Cadence (as part of its copyright protection system) generates a license file in this District that is associated with the License Server's HostID such that the license file can work only on that particular License Server.

30. When the license file is entered into the Cadence License Manager installed on the License Server, it indicates how many licenses are available for a specific Cadence Software product that has been licensed by the customer. For example, if a customer licenses four copies of Cadence Allegro®, then that customer's end users are permitted to use only up to four instances of Cadence Allegro® software at the same time.

31. Accordingly, a valid license file issued by Cadence in this District is required for a user to use the Cadence Software. Unfortunately, however, and as demonstrated Defendants' misconduct at issue in this lawsuit, the Cadence Software can be "cracked" by software pirates to circumvent the security measures that limit access to authorized users with valid license files.

32. Cadence has made significant investments in technological measures designed to track unauthorized use, such as by Defendants. Cadence has incorporated industry-standard license compliance reporting software into the Cadence Software. When unauthorized use is detected (*e.g.*, when a user bypasses a technological security measure by using counterfeit license files or when a user alters the Cadence Software by circumventing the license mechanism), Cadence's license compliance reporting software sends information concerning the unauthorized use of Cadence Software back to Cadence. This software is referred to in the industry as a "phone home" system ("Phone Home System"). Using the Phone Home System, Cadence detects, identifies, and collects information pertaining to unauthorized use of the Cadence Software. The Phone Home System detects tampering—for example, by checking whether the software binary has been modified—and transmits data regarding

such unauthorized use to Cadence via the Internet.

**C.     Cadence's Clickwrap License Agreement**

33.     The Cadence License Manager cannot be installed unless a user first accepts an agreement with Cadence. When installing the Cadence License Manager, a user is prompted to accept the terms of a Cadence's SLMA, which the user must affirmatively "click" to accept to install the software.

34.     The terms of the SLMA vary depending on the version of the associated software. Attached as Exhibits 1 and 2, by way of example, are two versions of the SLMA which Defendants necessarily accepted when Defendants installed Cadence Software versions 16.5 and 16.6, respectively, without authorization.

35.     The SLMA to which Defendants agreed to imposed various obligations on Defendants.

36.     The SLMA obligated Defendants "to take all reasonable steps and to exercise due diligence to protect the [Cadence Software] from unauthorized reproduction, publication, or distribution," and required Defendants to "have a reasonable mechanism in place to ensure that the Software may not be used or copied by unlicensed persons" "[i]f the Software is copied to or used on a computer attached to a network" (the "Reasonable Steps Provision").

37.     The SLMA also obligated Defendants to "keep full, clear and accurate records to confirm [their] authorized Use of the [Cadence Software] hereunder, including but not limited to ensuring that [Defendants] have not exceeded the number of authorized copies of [Cadence Software] and other obligations hereunder. Cadence shall have the right to audit such records during regular business hours to confirm [Defendants'] compliance with [their] obligations hereunder" (the "Audit Provision"). The Audit Provision further required Defendants to "promptly correct any deficiencies discovered by such audit including payment to Cadence of the amount of any shortfall in Fees uncovered by such audit plus interest at the rate of one and one-half percent (1½%) per month. If the audit uncovers any shortfall in payment of more than five percent (5%) for any quarter, then [Defendants] shall also promptly pay to Cadence the costs and expenses of such audit, including fees of auditors and other professionals incurred by Cadence in connection with such audit."

38.     The SLMA also obligated Defendants to "promptly inform Cadence in writing and

provide such information as Cadence determines necessary to properly maintain the [Cadence Software]" if they made "modifications, interfaces, and/or other changes to the [Cadence Software]" (the "Notification Provision").

39. The SLMA further provided that "[i]n the event a party brings legal action against the other party to enforce the terms of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees and expenses for any proceeding, at or before trial and upon appeal, in addition to any other relief deemed appropriate by the court" (the "Attorneys' Fees Provision").

40. When attempting to install the Cadence License Manager, a user must select "I accept the terms of the [SLMA]" to proceed with installation. If the user does not select the "I accept" option, or if the user selects "I do not accept the terms of the license agreement," the user cannot proceed with installation of the License Manager.

41. After the user installs the License Manager, the user may then install the Cadence Software on the client desktops or laptops connected to the License Server. When the user installs the Cadence Software, the user must again accept the terms of the SLMA by selecting the "I accept" option. As before, if the user does not select the "I accept" option, or if the user selects "I do not accept the terms of the license agreement," the user cannot proceed with installation of the Cadence Software.

**D.   Defendants' Infringement and Unauthorized Access of Cadence Software**

42. According to Defendant Suzhou TZTEK Technology Co., Ltd.'s website, Defendants manufacture vision metrology equipment, vision inspection equipment, and vision process equipment, which are used by customers in the consumer electronics, semiconductor, printed circuit board, photovoltaic, and new energy vehicle industries.

43. According to publicly available business information, the main business of Defendant California TZTEK Technology LLC is to develop a North American market business for Defendant Suzhou TZTEK Technology Co., Ltd.'s vision equipment.

44. According to publicly available business information, the remaining Defendants research, develop, and test computer software and hardware products.

45. Defendants are not customers of Cadence and have never obtained a valid license from Cadence to access and use the Cadence Software.

46. Over the course of many years, Defendants have repeatedly and illegally obtained, copied, reproduced, and used the Cadence Software without authorization from Cadence and in violation of the SLMA they necessarily accepted and agreed to be bound by when illegally installing the Cadence Software.

47. On information and belief, Defendants have knowingly used illegal "cracked" copies of the Cadence Software and/or obtained unauthorized copies of the Cadence Software from websites, including file sharing and torrent sites known to traffic in illegal software and other content.

48. On information and belief, Defendants also knowingly obtained counterfeit license files from such sources and used them to circumvent electronic protections built into the software.

49. Defendants knowingly used "cracked" and/or unauthorized versions of the Cadence Software and/or counterfeit license files to use the Cadence Software without having to pay Cadence for a legitimate license.

50. Cadence's Phone Home System has detected over 100,000 instances of Defendants' unauthorized use of the Cadence Software, including multiple instances of unauthorized use in the United States and this District. For example, the Phone Home System data shows that Defendants were connected to IP addresses located in this District using computers associated with the computer domain "TZTEK.com" when Defendants illegally accessed and used the Cadence Software.

51. By using the Cadence Software without authorization and by circumventing Cadence's technological measures, Defendants have avoided paying Cadence millions of dollars in license fees.

**E.    Defendants' Continued Unauthorized Use of Cadence Software**

52. Cadence has sent multiple letters to Defendants demanding that Defendants cease their unauthorized use of the Cadence Software and compensate Cadence for their previous unauthorized use. Additionally, Cadence sent a letter on November 15, 2024 demanding that Defendants comply with the Audit Provision in the SLMA. Defendants have not responded to any of Cadence's communications, demonstrating their willful infringement of Cadence's rights and thereby further breaching the SLMA.

53. Defendants have continued their unauthorized and illegal use of the Cadence Software to this day.

## CLAIMS FOR RELIEF

## COUNT I

### (Copyright Infringement under 17 U.S.C. § 501)

54. Cadence incorporates and realleges by reference paragraphs 1 through 46 above as though set forth in full herein.

55. Cadence is the owner of valid copyrights in the Cadence Software. A list of Cadence's copyright registrations is set forth in paragraph 19 above.

56. Cadence has complied with all statutory formalities required by the Copyright Act to maintain the validity of its copyrights in the Cadence Software, as reflected in the list of copyright registrations set forth in paragraph 19 above.

57. On numerous occasions, Defendants have intentionally and willfully downloaded, modified, used, and/or otherwise copied or installed the Cadence Software without permission or authorization from Cadence.

58. Defendants' unauthorized downloading, modification, use, reproduction, and installation of the Cadence Software constitutes copyright infringement of Cadence's registered, copyrighted works identified in paragraph 19 above, under 17 U.S.C. § 501.

59. Defendants' actions in violation of the Copyright Act have been knowing and willful, as Defendants repeatedly ignored Cadence's letters demanding that Defendants cease their unauthorized use of the Cadence Software.

60. Defendants' unlawful conduct is causing irreparable harm to Cadence, and Defendants' unlawful conduct will continue to cause Cadence irreparable harm unless Defendants are enjoined by this Court. Among other things and as stated above, Defendants continue to infringe Cadence's copyright works, in a manner that actively harms Cadence. Cadence has no adequate remedy at law. Cadence is entitled to injunctive relief pursuant to 17 U.S.C. § 502.

61. As a result of Defendants' wrongful actions, Cadence has suffered damages in an amount to be proven at trial, including at least millions of dollars in unpaid license fees. Cadence is entitled to actual damages and Defendants' profits or, alternatively, maximum statutory damages, as well as its costs, attorneys' fees, and interest.

# COUNT II

## (Circumvention of Copyright Protection Systems under 17 U.S.C. § 1201)

62. Cadence incorporates and realleges by reference paragraphs 1 through 46 above as though set forth in full herein.

63. The Cadence License Manager and Cadence Software employ technological mechanisms that effectively provide security-controlled access to the work and copyright protections.

64. Defendants have modified the Cadence License Manager, the Cadence Software, and/or the associated license files. Defendants made these modifications to the Cadence License Manager, Cadence Software, and/or the associated license to bypass the required entry of a license file and/or otherwise used unauthorized, "cracked" license files to circumvent the technological protection measures designed to limit access to the copyrighted software (including the works identified in paragraph 19 above), enabling Defendants to bypass Cadence's security access mechanisms and copyright protections in the Cadence Software in violation of the Digital Millennium Copyright Act ("DMCA"), including 17 U.S.C. § 1201(a)(1).

65. Defendants' actions in violation of the DMCA have been knowing and willful, as Defendants repeatedly ignored Cadence's letters demanding that Defendants cease their unauthorize use of the Cadence Software.

66. On information and belief, Defendants also materially contribute to the circumvention of the technological measures by obtaining, downloading, and copying from unauthorized versions of the Cadence License Manager, Cadence Software, and/or license files from sources known to traffic in illegal content, and are therefore also contributorily liable for the circumvention of Cadence's technological measures.

67. Defendants' unlawful conduct is causing irreparable harm to Cadence, and Defendants' unlawful conduct will continue to cause Cadence irreparable harm unless Defendants are enjoined by this Court. Cadence has no adequate remedy at law. Cadence is entitled to injunctive relief pursuant to 17 U.S.C. § 1203.

68. As a result of Defendants' wrongful actions, Cadence has suffered damages in an amount to be proven at trial. Cadence is entitled to its actual damages and Defendants' profits or,

alternatively, maximum statutory damages per act of circumvention, device, product, component, offer, or performance of service, as well as its costs, attorneys' fees, and interest.

### COUNT III

### (Breach of Contract)

69. Cadence incorporates and realleges by reference paragraphs 1 through 46 above as though set forth in full herein.

70. In order to install the License Manager and the Cadence Software, Defendants expressly agreed to and became bound by the SLMA corresponding to each version of the Cadence Software that Defendants used without authorization.

71. As set forth above, the Reasonable Steps Provision of the SLMA obligated Defendants to take all reasonable steps and to exercise due diligence to protect the Cadence Software from unauthorized use and required Defendants to have a reasonable mechanism in place to ensure the Cadence Software would not be used by unauthorized persons. Defendants breached, and continue to breach, the Reasonable Steps Provision by failing to take any steps, to exercise any diligence, or to implement any mechanism to prevent unauthorized use of the Cadence Software.

72. The Audit Provision of the SLMA also obligated Defendants to keep full, clear, and accurate records of their use of the Cadence Software and required Defendants to permit Cadence to audit such records to confirm Defendants' compliance with the SLMA. Defendants breached, and continue to breach, the Audit Provision by ignoring, and thus refusing, Cadence's demand that it be permitted to audit Defendants' records. Had Cadence been permitted to exercise its contractual audit right, it would have discovered the full extent of Defendants' unauthorized use of the Cadence Software and determined the full amount of fees and interest that Defendants owe Cadence for their unauthorized use.

73. The Notification Provision of the SLMA further obligated Defendants to promptly inform Cadence in writing of any modifications Defendants made to the Cadence Software. Defendants breached, and continue to breach, the Notification Provision by modifying the Cadence Software and failing to promptly inform Cadence of such modifications.

74. As a result of Defendants' breaches of these provisions, Cadence has suffered, and will

continue to suffer, damages, including unpaid license fees, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Cadence prays for the following relief against Defendants, jointly and severally:

A. An order permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and affiliated companies, their assigns and successors in interest, and those persons in active concert or participation with them, from the statutory violations alleged herein;

B. An order awarding Cadence monetary, including compensatory, actual, and/or nominal, damages in an amount to be determined at trial;

C. An order awarding Cadence its actual damages and disgorgement of Defendants' profits under the Copyright Act, or, at the election of Cadence, maximum statutory damages, enhanced for Defendants' willful infringement, for each copyrighted work infringed by Defendants;

D. An order awarding Cadence its actual damages and disgorgement of Defendants' profits under the DMCA, or, at the election of Cadence, maximum statutory damages, enhanced for Defendants' willful misconduct, for each instance in which Defendants violated the DMCA;

E. An order awarding Cadence its attorneys' fees, costs, and expenses;

F. An order awarding Cadence pre-judgment and post-judgment interest;

G. An order for an accounting and restitution of all gains, profits, cost savings and advantages realized by Defendants from their unlawful acts;

H. An order requiring Defendants to deliver upon oath, to be impounded during the pendency of this action, all infringing copies of Cadence's copyrighted works, any unauthorized software used to circumvent the licensing restrictions on the Cadence Software, and any products produced, designed, or manufactured, in part or in whole, with or in conjunction with the Cadence Software; and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and by the United States Supreme Court Copyright Practice Rules (1909); and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to Cadence or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper;

I.  All such further and additional relief, in law or equity, to which Cadence may be entitled or which the Court deems just and proper.

### JURY DEMAND

Cadence demands a trial by jury on all issues so triable.

DATED: December 6, 2024

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ L. Kieran Kieckhefer*
 L. Kieran Kieckhefer
 Ilissa Samplin
 Shaun A. Mathur
 Ahmed ElDessouki
 Christina E. Myrold

*Attorneys for Plaintiff Cadence Design Systems, Inc.*