Jana Slavina Farmer (SBN 321291)
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, NY 10604
914.872.7247 (Direct)
914.323.7001 (Fax)
jana.farmer@wilsonelser.com

***ATTORNEYS FOR DEFENDANT,***
***CALIFORNIA TZTEK TECHNOLOGY LLC***

***LIMITED APPEARANCE FOR***
***DEFENDANTS SUZHOU TIANZHUN***
***TECHNOLOGY CO., LTD. (d/b/a SUZHOU***
***TZTEK TECHNOLOGY CO., LTD.); SUZHOU***
***TIANZHUN SOFTWARE CO., LTD (d/b/a***
***SUZHOU TZTEK SOFTWARE CO., LTD.);***
***SUZHOU LONGSHAN SOFTWARE***
***TECHNOLOGY CO., LTD.; SUZHOU***
***TENGCHAO***
***MECHANICAL AND ELECTRICAL***
***EQUIPMENT CO., LTD. (d/b/a SUZHOU***
***TRANSCEND EQUIPMENT CO., LTD.).,***
***SUZHOU LONGYUAN SOFTWARE CO.,***
***LTD., SUZHOU TIANZHUN XINGZHI***
***TECHNOLOGY CO., LTD. (d/b/a SUZHOU***
***STELLARMIND TECHNOLOGY CO., LTD.),***
***and HONGKONG TZTEK TECHNOLOGY***
***LTD., FOR THE PURPOSES OF***
***CONTESTING JURISDICTION AND***
***SERVICE***

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

1

DEFENDANT CALIFORNIA TZTEK TECHNOLOGY LLC'S MOTION TO DISMISS AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

Case No. 5:24-cv-08816-EKL

| | | |
|---|---|---|
| 1 | CADENCE DESIGN SYSTEMS, INC., | Case No.: 5:24-cv-08816-EKL |
| 2 | Plaintiff, | |
| 3 | v. | **DEFENDANT CALIFORNIA TZTEK TECHNOLOGY LLC'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 4 | SUZHOU TIANZHUN TECHNOLOGY CO., LTD. (d/b/a SUZHOU TZTEK TECHNOLOGY CO., LTD.), SUZHOU TIANZHUN SOFTWARE CO., LTD (d/b/a SUZHOU TZTEK SOFTWARE CO., LTD.), SUZHOU LONGSHAN SOFTWARE TECHNOLOGY CO., LTD., SUZHOU TENGCHAO MECHANICAL AND ELECTRICAL EQUIPMENT CO., LTD. (d/b/a SUZHOU TRANSCEND EQUIPMENT CO., LTD.)., SUZHOU LONGYUAN SOFTWARE CO., LTD., SUZHOU TIANZHUN XINGZHI TECHNOLOGY CO., LTD. (d/b/a SUZHOU STELLARMIND TECHNOLOGY CO., LTD.), HONGKONG TZTEK TECHNOLOGY LTD., and CALIFORNIA TZTEK TECHNOLOGY LLC, | Date: May 7, 2025 at 10:00 a.m.<br>Judge: Hon. Eumi K. Lee |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | Defendants. | |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 7, 2025, at 10:00 am, or as soon thereafter as this matter may be heard before the Honorable Eumi K. Lee, in Courtroom 7 of the San Jose Courthouse, located at 280 South First Street, San Jose, CA 95113, California TZTEK Technology LLC will and hereby does move this Court under Federal Rule of Civil Procedure 12(b)(6)) for an order dismissing the Complaint against it.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Zhaodan Lu, and all other pleadings

2

and papers on file in this action, any oral argument that may be heard by the Court, and any other matters that the Court may deem appropriate.

Dated: February 3, 2025

    Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Jana Slavina Farmer*
JANA SLAVINA FARMER
Attorneys for Defendant, California TZTek Technology LLC

Limited appearance for Defendants Suzhou Tianzhun Technology Co., Ltd. (D/B/A Suzhou Tztek Technology Co., Ltd.); Suzhou Tianzhun Software Co., Ltd. (D/B/A Suzhou Tztek Software Co., Ltd.); Suzhou Longshan Software Technology Co., Ltd.; Suzhou Tengchao Mechanical and Electrical Equipment Co., Ltd. (D/B/A Suzhou Transcend Equipment Co., Ltd.)., Suzhou Longyuan Software Co., Ltd., Suzhou Tianzhun Xingzhi Technology Co., Ltd. (D/B/A Suzhou Stellarmind Technology Co., Ltd.), and Hongkong Tztek Technology Ltd., for the purposes of contesting service and jurisdiction

# TABLE OF CONTENTS

**I. INTRODUCTION** ---------------------------------------------------------------------------------- 1

**II. STATEMENT OF FACTS** ------------------------------------------------------------------------ 2

**III. ARGUMENT** ------------------------------------------------------------------------------------- 3

   A. STANDARD OF REVIEW ----------------------------------------------------------------- 3

   B. CLAIMS AGAINST CA TZTEK MUST BE DISMISSED BECAUSE THEY ARE NOT SUPPORTED BY SUFFICIENT FACTUAL ALLEGATIONS. ---------------------------------- 5

**IV. CONCLUSION** ----------------------------------------------------------------------------------- 8

**TABLE OF AUTHORITIES**

Adams v. Johnson, *355 F.3d 1179, 1183 (9th Cir. 2004)* -------------------------------------------- 5

Ashcroft v. Iqbal, *556 U.S. 662, 681, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* ---------- 3, 4, 5, 7

Bell Atl. Corp. v. Twombly, *550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929* ------------ 4, 6

Boquist v. Courtney, *32 F.4th 764, 773 (9th Cir. 2022)* -------------------------------------------- 4

Doe I v. Wal-Mart Stores, Inc., *572 F.3d 677, 681 (9th Cir. 2009)* ---------------------------------- 4

Eclectic Props. E., LLC v. Marcus & Millichap Co., *751 F.3d 990, 996 (9th Cir. 2014)* ---------- 8

Fayer v. Vaughn, *649 F.3d 1061, 1064 (9th Cir. 2011)* -------------------------------------------- 5

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., *499 U.S. 340, 361 (1991)* -------------------------------- 6

Sebastian Brown Prods., LLC v. Muzooka, Inc., *143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015)* - 5

Shaw v. Hahn, *56 F.3d 1128, 1129 n.1 (9th Cir. 1995)* -------------------------------------------- 5

Shroyer v. New Cingular Wireless Servs. Inc., *622 F.3d 1035, 1041 (9th Cir. 2010)* -------------- 4

Shwarz v. United States, *234 F.3d 428, 435 (9th Cir. 2000)* -------------------------------------- 4

Starr v. Baca, *652 F.3d 1202, 1216 (9th Cir. 2011)* -------------------------------------------------- 3

Tracer Research Corp. v. Nat'l Envtl. Servs. Co., *42 F.3d 1292, 1294 (9th Cir. 1994)* ------------ 7

Zimmerman v. PeaceHealth, *701 F. Supp. 3d 1099, 1119 (W.D. Wash. 2023)* --------------------- 5

**OTHER AUTHORITIES**

*Copyright Act (17 U.S.C. § 501)* -------------------------------------------------------------------- 2

*DMCA (17 U.S.C. § 1201)* ---------------------------------------------------------------------- 2, 7

**RULES**

*Fed.R.Civ.P. 12* -------------------------------------------------------------------------------- 3, 4, 5, 6

*Fed.R.Civ.P. 8(a)(2)* ---------------------------------------------------------------------------- 3

## I. INTRODUCTION

Defendant California TZTek Technology LLC ("CA TZTEK"), by and through the undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby respectfully moves this Court to dismiss Plaintiff's Complaint as against CA TZTEK for failure to state a claim upon which relief can be granted. This case centers on Plaintiff, Cadence Design Systems, Inc.'s ("Cadence") allegations that Defendants, including CA TZTEK, used its proprietary software without valid licenses, in violation of copyright law, the Digital Millenium Copyright Act "(DMCA'), and a Software License and Maintenance Agreement(s) ("SLMA") that every Defendant purportedly must have entered into by virtue of their attempted use of Cadence's software.

The claims against CA TZTEK should be dismissed for two primary reasons.

First, Cadence has improperly lumped the allegations against all defendants together without specifying any distinct volitional actions taken by CA TZTEK. The Complaint fails to provide factual details showing that CA TZTEK was involved in any infringing activities or that it could be held liable for the alleged copyright infringement, DMCA violations, or breach of contract.

Second, CA TZTEK cannot be liable for the actions alleged in the Complaint because it is and has always been a non-operational entity with no employees, business operations, computer equipment, or any other activities, of itself or through any third-party vendors, that may require the use of Cadence software or technology. Without any capacity to engage in the use, reproduction, or distribution of Cadence's software, CA TZTEK could not have participated in the infringing activity claimed by Cadence. The Plaintiff has failed to demonstrate that CA TZTEK had any involvement in the alleged circumvention of security measures or breach of contractual obligations.

Without any employees to commit a volitional act, it is not possible for CA TZTEK to be liable for any of the claims asserted, and since Cadence failed to identify any such actions, the Complaint must be dismissed against CA TZTEK.

**II. STATEMENT OF FACTS**

Plaintiff, Cadence, has filed a Complaint seeking injunctive relief and damages for alleged copyright infringement, violation of the DMCA, and breach of contract. (Compl. ¶¶ 54-73.) Cadence, a corporation organized under the laws of Delaware with its principal place of business in San Jose, California, is a provider of electronic design automation ("EDA") software. (Compl. ¶¶ 2, 4.) The Complaint alleges that Defendants, including CA TZTEK, have used unauthorized versions of Cadence's proprietary software without obtaining valid licenses. (Compl. ¶¶ 1-3.)

Cadence alleges that Defendants, including CA TZTEK, are engaged in the development and sale of specialized vision equipment and that such development purportedly involved the use of unauthorized copies of Cadence's software. (Compl. ¶¶ 1, 42.) Cadence claims to have implemented security measures that require users to install the Cadence License Manager, which restricts access to its software based on a user possessing a valid license file. (Compl. ¶¶ 27-31.) Cadence further asserts that it uses a "Phone Home System," which sends information concerning unauthorized use of Cadence Software back to Cadence. (Compl. ¶ 32.) Cadence's Phone Home System has allegedly detected unauthorized use of its software from IP addresses "located in this District" and associated with Defendants. (Compl. ¶50.)

Cadence seeks injunctive relief and damages, including statutory damages under the Copyright Act (17 U.S.C. § 501) and the DMCA (17 U.S.C. § 1201). (Compl. ¶¶ 54- 68.) Cadence also broadly asserts a breach of contract claim, alleging that all Defendants, as an undifferentiated group, accepted the terms of some unspecified Software License and Maintenance Agreement ("SLMA") by installing and using its software, only providing two

sample SLMA and without identifying what specific terms and versions of the purported SLMA were entered into by each entity, or by any entity at all. (Compl. ¶¶ 33-41, 69-73.) At the same time, Cadence alleges that none of the Defendants were ever customers of Cadence nor obtained a valid license from Cadence to access and use the Cadence software. (Compl. ¶45.)

CA TZTEK is a limited liability company registered in California but has never had any employees, business operations, computer equipment or any other activities that may require the use of Cadence software or technology either by itself or through any third-party vendors. (Declaration of Zhaodan Lu, "Lu Decl." ¶¶ 4-11). The Complaint does not plead any facts linking CA TZTEK to the alleged use, reproduction, or distribution of Cadence's software. Instead, Cadence lumps together the allegations against all Defendants, claiming that Defendants have "cracked" or otherwise bypassed security mechanisms within its software, an assertion that lacks factual specificity. (Compl. ¶¶ 1, 3, 32.)

## III. ARGUMENT

A. STANDARD OF REVIEW

Fed.R.Civ.P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose is twofold. First, a complaint must "plausibly suggest" the plaintiff's entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Second, it must also give "fair notice" and "enable" the defendant "to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A pleading cannot be "so vague or ambiguous" that an opponent "cannot reasonably prepare a response." *See* Fed.R.Civ.P. 12(e). Under Fed.R.Civ.P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs. Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

To survive a Fed.R.Civ.P. 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, supra, 556 U.S. 662). *Ashcroft* establishes that conclusory statements or a formulaic recitation of the elements of a cause of action will not suffice. "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boquist, supra,* 32 F.4th at 773. (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

The Court need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Dismissal is proper under

1  Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to
2  support its claims. *Id*.

3  **B. CLAIMS AGAINST CA TZTEK MUST BE DISMISSED BECAUSE THEY ARE NOT**
4  **SUPPORTED BY SUFFICIENT FACTUAL ALLEGATIONS.**

5  In the 9th Circuit, it is well-established that complaints which lump together allegations
6  against multiple defendants without specifying the individual actions of each defendant are
7  defective and subject to dismissal. *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1119
8  (W.D. Wash. 2023) ("in a case alleging the same claims against multiple defendants, there must
9  be specific allegations explaining what each defendant allegedly did wrong, rather than general
10 allegations asserted against them as a group"); *Sebastian Brown Prods., LLC v. Muzooka, Inc.*,
11 143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015) This principle is grounded in the requirement that
12 each defendant must be given fair notice of the claims against them and the specific conduct that
13 is alleged to be wrongful.

14 Here, Plaintiff has not asserted plausible factual allegations against any Defendant. *See*
15 *generally* Compl. There are no specific allegations asserted against CA TZTEK.  Rather,
16 Plaintiff lumps all Defendants together and relies solely on conclusory statements, which the
17 Court need not accept as true. *Iqbal*, 556 U.S. at 678-79. To the extent Plaintiffs will claim that
18 further amplification of their claims must await until discovery is complete, this is precisely what
19 *Iqbal* cautioned against, *see* 556 U.S at 679 (noting that federal pleading requirements do "not
20 unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). As
21 such, Plaintiff's claims against CA TZTEK must fail because they are not supported by sufficient
22 factual allegations against this Defendant.

23 Furthermore, CA TZTEK is a non-operational entity that has never had any employees,
24 business operations, computer equipment or any other activities that may require the use of
25 Cadence software or technology either by itself or through any third-party vendors. (Lu Decl. ¶¶
26 6-11). While it was formed with the intention to conduct business, its business plan was never

27 5
28 DEFENDANT CALIFORNIA TZTEK TECHNOLOGY LLC'S MOTION TO DISMISS AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT

Case No. 5:24-cv-08816-EKL

materialized or implemented, and it has not conducted any business as of today (Lu Decl. ¶ 5). As such, Plaintiff cannot establish a valid claim for copyright infringement, DMCA violations, or breach of contract against CA TZTEK. In situations where a defendant has no employees or property, dismissal under Fed.R.Civ.P. 12(b)(6) is proper. This prevents Cadence from proceeding with unfounded claims where there is no plausible basis for liability, ensuring that litigation is not unnecessarily prolonged against Defendants lacking the operative ability to commit the alleged violations.

The Copyright Act requires a plaintiff to establish both ownership of a valid copyright and actionable copying. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Here, Cadence fails to provide (and cannot provide) any factual basis that CA TZTEK engaged in any infringing conduct. Furthermore, a company that exists only on paper with no employees or computers cannot operate software or engage in the alleged infringement. The Complaint's reliance on purported IP addresses associated with the collective Defendants in general and conclusory statements does not meet the required burden of proof against CA TZTEK. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring more than "labels and conclusions" to state a plausible claim).

The DMCA prohibits the circumvention of technological protection measures. *See* 17 U.S.C. § 1201. However, for liability to attach, an entity must have the ability to perform acts that constitute circumvention. Because CA TZTEK does not own any computers, employ any individuals, or engage in any business activities, it is impossible for it to have engaged in the alleged circumvention of Cadence's software protections. The Complaint lacks any factual allegations that directly tie CA TZTEK to any prohibited act under the DMCA. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (requiring "sufficient factual matter" to support a claim).

Finally, Cadence alleges that CA TZTEK entered into and breached a Software License and Maintenance Agreement that every Defendant allegedly must have agreed to whenever they downloaded and used Cadence's software. However, under basic contract principles, a party

must have the capacity to enter into a contract and undertake obligations. *See* Restatement (Second) of Contracts § 17 (1981). An entity with no employees, no business operations and no computer equipment cannot assent to a software agreement on a computer or breach such contractual obligations. Furthermore, if Cadence asserts that CA TZTEK was never a legitimate licensee, it contradicts its own claim that a contractual relationship existed. *See Tracer Research Corp. v. Nat'l Envtl. Servs. Co.,* 42 F.3d 1292, 1294 (9th Cir. 1994) (finding no enforceable contract where assent was lacking).

Even if unauthorized use of Cadence's software occurred in violation of the U.S. Copyright Act by some entity (a position which is denied), Plaintiff has not provided any evidence that CA TZTEK, as an entity, took any action. A legal entity that does not own computers, employ personnel, or hire vendors who may have used Cadence's software on its behalf for business purposes, or conduct business operations lacks the capability to engage in the alleged wrongdoing. Plaintiff's claims are speculative and fail to establish a plausible theory of liability. *See Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014) (requiring a plausible connection between defendant and alleged wrongdoing).

For the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety against CA TZTEK.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. CONCLUSION

Insofar as CA TZTEK could not have committed the alleged acts, and there are no particularized allegations against it, the claims against it must be dismissed.

WHEREFORE, Defendant CA TZTEK respectfully requests that this Court grant this Motion to Dismiss and dismiss Plaintiff's Complaint against it, together with such further and different relief that this Court deems just and proper.  Insofar as an amendment to the Complaint would be futile, Defendant submits that the action should be dismissed with prejudice.

Dated:  February 3, 2025

    Respectfully submitted,

    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP

    By: */s/  Jana Slavina Farmer*
    JANA SLAVINA FARMER

    Attorneys for Defendant, California TZTek Technology LLC
    Limited appearance for Defendants Suzhou Tianzhun Technology Co.,  Ltd. (D/B/A Suzhou Tztek Technology  Co., Ltd.); Suzhou Tianzhun Software Co., Ltd. (D/B/A Suzhou Tztek Software Co., Ltd.); Suzhou Longshan Software Technology Co., Ltd.; Suzhou Tengchao Mechanical and Electrical Equipment Co., Ltd. (D/B/A Suzhou Transcend Equipment Co., Ltd.)., Suzhou Longyuan Software Co., Ltd., Suzhou Tianzhun Xingzhi Technology Co., Ltd. (D/B/A Suzhou Stellarmind Technology Co., Ltd.), and Hongkong Tztek Technology Ltd., for the purposes of contesting jurisdiction and service

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document **DEFENDANT CALIFORNIA TZTEK TECHNOLOGY LLC'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** was caused to be filed and served this 3rd day of February, 2025 using this Court's CM/ECF filing system which will electronically transmit a copy to all counsel of record.

Dated: February 3, 2025       Respectfully submitted,

By:   */s/ Jana S. Farmer*
      Jana S. Farmer

Attorneys for Defendant, California TZ Tek Technology LLC

Limited appearance for Defendants Suzhou Tianzhun Technology Co., Ltd. (D/B/A Suzhou Tztek Technology Co., Ltd.); Suzhou Tianzhun Software Co., Ltd. (D/B/A Suzhou Tztek Software Co., Ltd.); Suzhou Longshan Software Technology Co., Ltd.; Suzhou Tengchao Mechanical and Electrical Equipment Co., Ltd. (D/B/A Suzhou Transcend Equipment Co., Ltd.)., Suzhou Longyuan Software Co., Ltd., Suzhou Tianzhun Xingzhi Technology Co., Ltd. (D/B/A Suzhou Stellarmind Technology Co., Ltd.), and Hongkong Tztek Technology Ltd., for the purposes of contesting jurisdiction and service