United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CADENCE DESIGN SYSTEMS, INC.,
Plaintiff,

v.

SUZHOU TIANZHUN TECHNOLOGY CO., LTD., et al.,
Defendants.

Case No. 24-cv-08816-EKL

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. Nos. 113, 122, 128

Plaintiff Cadence Design Systems, Inc. ("Cadence") alleges that Defendant HongKong TZTek Technology Ltd. ("HK TZTek") obtained and used illegal copies of Cadence's software in violation of federal copyright law and Cadence's software license agreement. HK TZTek moves to dismiss for lack of personal jurisdiction. Mot. to Dismiss, ECF No. 113 ("Mot."). The Court carefully reviewed the parties' briefs and relevant authority and heard argument on the motion. For the reasons set forth below, the Court DENIES HK TZTek's motion without prejudice.

## I. BACKGROUND

Cadence develops and sells copyrighted Electronic Design Automation ("EDA") software, which is used by many customers, "including semiconductor manufacturers, car makers, wireless technology makers, and other precision manufacturers." Compl. ¶¶ 2, 21, ECF No. 86. HK TZTek is a Hong Kong entity that resells "finished, already manufactured testing inspection equipment used in customer factories" to inspect products. *Id.* ¶ 11; Mot. at 2. "HK TZTek is the parent company of defendant CA TZTek." *Id.* ¶ 13; Mot. at 2. To lawfully use Cadence's EDA software, customers must obtain a license from Cadence and pay ongoing license fees. Compl. ¶ 2. Cadence alleges that HK TZTek, along with other TZTek entities ("Defendants"), are using counterfeit or "cracked" versions of Cadence's software without license or payment. *Id.* ¶¶ 2-3.

Cadence's software will not operate unless a user first installs the Cadence License Manager, a software management tool that ensures that a customer's use does not exceed its purchased licenses. *Id.* ¶¶ 27-28. To install the License Manager, a user must accept the terms of Cadence's Software License and Maintenance Agreement ("SLMA"), which contains a forum selection clause providing that the user "submit[s] to exclusive jurisdiction in the federal and state courts of California, U.S.A., in the event of a dispute." *Id.* ¶ 16. Cadence uses a "Phone Home System" that detects unauthorized use of its software, including by checking whether the software binary has been tampered with, and transmits data regarding such use to Cadence via the internet. *Id.* ¶ 32.

Cadence alleges that, "[o]ver the course of many years," Defendants have repeatedly and illegally obtained, copied, reproduced, and used Cadence's software without authorization in violation of the SLMA. *Id.* ¶ 46. Cadence further alleges that Defendants knowingly used "cracked" and/or unauthorized versions of Cadence's software, obtained from file-sharing and torrent sites, and/or used counterfeit license files to circumvent the software's protections. *Id.* ¶¶ 47-49. In connection with the pending motion, Cadence submitted evidence from its Phone Home System that purportedly reflects more than 150,000 instances of unauthorized use of Cadence's software by Defendants between January 2022 and June 2025. Alfaro Decl. ¶ 13, ECF No. 121. The data reflects "more than 100 instances of unauthorized use associated with [Internet Protocol (IP)] addresses in Hong Kong," where HK TZTek has its principal place of business. *Id.* ¶ 14; Opp. at 8, ECF No. 119.

Cadence asserts three causes of action: copyright infringement in violation of 17 U.S.C. § 501 (Count I); circumvention of copyright protection systems in violation of 17 U.S.C. § 1201 (Count II); and breach of the SLMA (Count III). HK TZTek moves to dismiss for lack of personal jurisdiction.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss the complaint for lack of personal jurisdiction. When ruling on such a motion, the court may consider the allegations in the complaint as well as "declarations and other evidence outside the pleadings."

*Apple, Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 956 (N.D. Cal. 2020). The court must take uncontroverted allegations as true and resolve conflicts over statements contained in affidavits in the plaintiff's favor. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

"When a district court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.*; *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("Any greater burden such as proof by a preponderance of the evidence would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials."). "If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues." *Data Disc*, 557 F.2d at 1285. However, "if the 'jurisdictional facts are intertwined with the merits,' such that 'a decision on a jurisdictional issue is dependent on the merits . . . . [i]t is preferable that this determination be made at trial.'" *City & County of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 634 (N.D. Cal. 2020) (quoting *Data Disc*, 557 F.2d at 1285 n.2).

## III. EVIDENTIARY OBJECTIONS

As a threshold matter, the Court must determine the evidentiary standard that applies to a motion to dismiss for lack of personal jurisdiction. HK TZTek argues that "even for a *prima facie* showing" of jurisdictional facts, Cadence must produce "admissible evidence." Reply at 3, ECF No. 129. The Court concludes that the Federal Rules of Evidence do not strictly apply to a motion to dismiss for lack of personal jurisdiction. Instead, the appropriate evidentiary standard must be no more demanding than the standard that applies at the summary judgment stage. At summary judgment, the focus is not "on the admissibility of the evidence's form," but rather "on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). "To survive summary judgment, a party does not necessarily have to produce evidence in a form that

would be admissible at trial, as long as the party satisfies the requirements of Federal Rule[] of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001). An affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Court reaches this conclusion for three reasons. First, the Ninth Circuit has consistently held that district courts have discretion to assess personal jurisdiction based on written materials such as affidavits and declarations without holding an evidentiary hearing. *See, e.g.*, *Data Disc*, 557 F.2d at 1285; *Ranza*, 793 F.3d at 1068. Expecting plaintiffs to satisfy the formal requirements of the Federal Rules of Evidence would be inconsistent with this framework. Second, it makes little sense to hold plaintiffs to a strict evidentiary standard on an early-stage motion to dismiss for lack of personal jurisdiction when a less stringent standard applies at later stages of litigation, including summary judgment. *See Fraser*, 342 F.3d at 1036. Finally, applying the summary judgment standard for evidentiary objections is consistent with the Ninth Circuit's approach to comparable motions. For example, when plaintiffs challenge subject matter jurisdiction through a motion to remand, the parties may submit evidence including affidavits or declarations or other "summary-judgment-type evidence." *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Likewise, on a motion to compel arbitration, courts apply the evidentiary standards and burdens that apply to summary judgment motions.[1] *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021). Thus, the Court will treat evidentiary objections raised in connection with a motion to dismiss for lack of personal jurisdiction similarly to objections raised in connection with other early-stage motions that raise factual disputes that may be resolved based on a written record.[2]

---

[1] Courts also apply less stringent evidentiary requirements at the preliminary injunction stage. *See Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189-90 (9th Cir. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009).

[2] Other courts have noted the lack of binding authority on this issue and have declined to hold that evidence supporting a motion to dismiss for lack of personal jurisdiction must be admissible. *See Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19 CV 2648, 2021 WL 83736, at *2-3 (N.D. Ill. Jan. 11, 2021) (collecting cases). HK TZTek cites two district court cases stating that admissible

Applying this standard, the Court now turns to HK TZTek's evidentiary objections. HK TZTek argues that: (1) the Phone Home data is inadmissible because it is not authenticated; (2) the Phone Home data is hearsay and does not qualify for the business record exception; (3) Cadence's declarant, Mr. Alfaro, offers improper lay opinion about how IP geolocation works; and (4) Mr. Alfaro offers improper expert testimony. Reply at 4-5. The first two objections are OVERRULED because they challenge the form of the Phone Home data rather than its content. Moreover, Cadence has made a preliminary showing that the Phone Home data may be presented in an admissible form at trial. *See* Alfaro Decl. ¶¶ 10-11. By contrast, the third and fourth objections are SUSTAINED in part to the extent Mr. Alfaro purports to offer opinion testimony for which he lacks expertise. This objection properly challenges the admissibility of the content of Cadence's evidence. Accordingly, the Court does not rely upon Mr. Alfaro's statement that "[i]n [his] view, the Hong Kong-linked activity thus supports the conclusion that HK TZTek participated in the unauthorized use of the Cadence Software." Alfaro Decl. ¶ 14.

## IV. DISCUSSION

The Court may exercise personal jurisdiction only if HK TZTek has sufficient "minimum contacts" with California "such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (citation modified). Personal jurisdiction may be either general or specific. Here, Cadence invokes only specific jurisdiction.

A defendant is subject to specific jurisdiction if it (1) "purposefully avails [itself] of the privilege of conducting activities in" or "purposefully direct[s]" its activities toward the forum state; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction "comport[s] with fair play and substantial justice." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750-51 (9th Cir. 2025) (citing *Schwarzenegger*, 374 F.3d at 802). The plaintiff

---

evidence is required. *See* Reply at 3. However, these cases reference "admissible evidence" in passing, and without citing Ninth Circuit authority that supports the requirement. *See Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*, 252 F. Supp. 2d 917, 923-24 (D. Ariz. 2003); *Hancock v. Hitt*, No. C-98-960-MMC (ARB), 1998 WL 345392, at *2 (N.D. Cal. June 19, 1998).

bears the burden of satisfying the first two prongs of this test. *Id.* at 752. If they are satisfied, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Id.* at 802.

Cadence advances two related arguments to support specific personal jurisdiction over HK TZTek. First, Cadence argues that HK TZTek consented to personal jurisdiction by accepting the SLMA, which contains a mandatory California forum selection clause, when it repeatedly used Cadence's software. Opp. at 3, 6-9. Second, Cadence argues that HK TZTek purposefully directed its conduct toward California by intentionally circumventing Cadence's technological protection measures, knowing that Cadence is a California company and that its misconduct would cause harm here. *Id.* at 9-15. Both arguments rest on the same allegation underlying Cadence's causes of action: that HK TZTek used Cadence's software without a license. Compl. ¶¶ 54-74. Therefore, the Court focuses on whether HK TZTek purposefully directed its conduct toward California. As discussed below, Cadence has made a *prima facie* showing of jurisdictional facts. HK TZTek has raised factual disputes that are intertwined with the merits of Cadence's claims. Therefore, the Court defers resolution of these disputes until summary judgment. *See Data Disc*, 557 F.2d at 1285 n.2.

### A. Purposeful Direction

To assess whether a defendant's tortious conduct was purposefully directed toward the forum state, the Ninth Circuit employs the "*Calder* effects" test, which "focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Briskin*, 135 F.4th at 751 (citation modified). This test "requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Id.*

Here, Cadence has made a *prima facie* showing that the *Calder* effects test is satisfied. First, Cadence alleges that HK TZTek committed an intentional act by knowingly obtaining unauthorized copies of Cadence's software and repeatedly using counterfeit licenses to bypass Cadence's software management system. Compl. ¶¶ 1, 45-51. Second, this conduct was expressly aimed at California because, according to the complaint, HK TZTek knowingly and repeatedly

exploited the software of a forum resident (Cadence). *See, e.g., id.* ¶¶ 4, 18, 64, 66, 71-73. Indeed, HK TZTek allegedly continued its unauthorized use despite Cadence's cease-and-desist letters. *See id.* ¶¶ 52-53. Third, the unauthorized software use foreseeably harmed Cadence in California by depriving Cadence of "millions of dollars in license fees." *Id.* ¶¶ 51, 61, 68, 74.

In addition to the allegations in the complaint, Cadence submitted extensive data from its "Phone Home System," along with a declaration explaining what the data shows. The data reflects many instances of Cadence software use associated with the "tztek.com" company domain and over 100 instances that are also associated with IP addresses that geolocate to Hong Kong. Alfaro Decl. ¶ 14; Kieckhefer Decl. Exs. 1 & 2, ECF Nos. 120-1, 120-2. HK TZTek is the only TZTek entity that maintains a principal place of business in Hong Kong. Opp. at 1. Therefore, Cadence's evidence supports a *prima facie* showing that HK TZTek purposefully directed its alleged tortious conduct toward California.

HK TZTek raises several technical arguments to undermine Cadence's conclusions from the Phone Home data. For example, HK TZTek argues that the Hong Kong IP addresses in the data merely identify third-party virtual private network, cloud, or telecommunication providers and therefore do not establish the physical location of the computers that allegedly used Cadence's software without a license. Reply at 7. HK TZTek also argues that some devices have activity traceable to different countries within short periods of time, indicating that the IP addresses reflect internet routing rather than user location. *Id.* at 9. HK TZTek contends that other fields in Cadence's data demonstrate that certain computers were actually in Suzhou, China rather than Hong Kong. *Id.* at 8. Similarly, HK TZTek argues that Cadence's data associates "TZTEK Technology Co. Ltd.," a Suzhou-based entity, with the allegedly unauthorized software use. *Id.* at 6-7.

The Court cannot and need not resolve these disputes at this stage. HK TZTek does not dispute that approximately 150,000 instances of allegedly unauthorized software use are traceable to computers on the "tztek.com" company domain. Alfaro Decl. ¶¶ 12-13. HK TZTek has raised questions as to whether that conduct is attributable to the other foreign TZTek Defendants, which are all in default due to their failure to appear in this case. *See* Entry of Default, ECF No. 114.

United States District Court
Northern District of California

But Cadence has made a *prima facie* showing that links some of the conduct to HK TZTek. Factual questions regarding which TZTek entity is responsible are better resolved on a complete record at summary judgment because these questions directly overlap with the merits of Cadence's claims. *Data Disc*, 557 F.2d at 1285 n.2 (Where "a decision on the jurisdictional issues is dependent on a decision of the merits," it is "preferable that this determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits.").[3]

**B. Arises Out Of or Relates To**

The second requirement for specific personal jurisdiction is that the plaintiff's claims "arise out of or relate to the defendant's contacts" with the forum state. *Briskin*, 135 F.4th at 760. This requirement does not demand a causal relationship between the defendant's contacts and the plaintiff's claims. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) ("[S]ome relationships will support jurisdiction without a causal showing," so long as there is "an affiliation between the forum and the underlying controversy."). If the plaintiff alleges the kind of injury that would "tend to be caused" by the defendant's contacts, this requirement is satisfied. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 505 (9th Cir. 2023).

Here, Cadence's claims arise out of HK TZTek's contacts because the alleged copyright infringement "depended on circumventing technological measures in this District to obtain unauthorized access to Cadence's software." Opp. at 12. Moreover, the harm Cadence alleges – the deprivation of royalties and license fees – is exactly the kind of injury that would tend to be caused by HK TZTek's alleged conduct. *See* Compl. ¶¶ 51, 61, 68, 74. HK TZTek's response is based on its argument above that it "has not engaged in any conduct (*i.e.* use of software) that could possibly give rise to Cadence's claims." Mot. at 9. As discussed above, this dispute cannot be resolved at this stage. *Data Disc*, 557 F.2d at 1285 n.2.

---

[3] HK TZTek's reliance on *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018), is not persuasive. In *Cobbler Nevada*, the Ninth Circuit held that "a bare allegation that a defendant is the registered subscriber of an [IP] address associated with infringing activity" is not sufficient to state a claim for copyright infringement. *Id.* at 1144. Here, unlike in *Cobbler Nevada*, Cadence submitted extensive data that includes other indicia potentially tying the alleged conduct to HK TZTek, including the use of the "tztek.com" domain.

United States District Court
Northern District of California

**C. Fair Play and Substantial Justice**

Because Cadence has made a *prima facie* showing that the first two requirements are satisfied, the burden shifts to HK TZTek to "present a compelling case" that the exercise of jurisdiction would be unreasonable. *Briskin*, 135 F.4th at 802. The Ninth Circuit has established a seven-factor balancing test to determine the reasonableness of asserting personal jurisdiction, which considers:

> (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* at 761 (quoting *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1096 (9th Cir. 2023)).

HK TZTek has not met its burden to show that the Court's exercise of jurisdiction would be unreasonable. In large part, HK TZTek relies on its contention that it is not responsible for the alleged conduct. *See* Mot. at 16-17; Reply at 14. But as discussed above, Cadence has made a *prima facie* showing that HK TZTek purposefully interjected itself into California through repeated unlicensed software use. HK TZTek also identifies burdens associated with litigating in California, given that its "witnesses, documents, and evidence are located in Asia." Mot. at 17. But these burdens are common to litigation, and they do not outweigh the other factors that support the exercise of jurisdiction.

***

In sum, Cadence has made a *prima facie* showing of jurisdictional facts sufficient to avoid dismissal at this stage. HK TZTek may renew its arguments at a later date. For now, the motion to dismiss for lack of personal jurisdiction is DENIED without prejudice.

## V. MOTIONS TO SEAL

Cadence moves to seal its Phone Home data and descriptions of the data in the motion to dismiss briefing. *See* ECF Nos. 120-1, 120-2, 128-3, 128-4. The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the

burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The "compelling reasons" standard applies to requests to seal motions that are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Additionally, parties must comply with Civil Local Rule 79-5. Sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3). Requests must identify "the reasons for keeping a document under seal," and explain the "interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

Here, Cadence has shown compelling reasons to seal its Phone Home data and the designated portions of the motion to dismiss record. Cadence maintains the details of its Phone Home program, as well as the categories of data it collects, as highly confidential "to prevent software pirates and others from circumventing Cadence's monitoring systems." Myrold Decl. ¶ 2, ECF No. 122-1. Disclosure of this information could be used by potential infringers of Cadence's software "to evade future detection, because they could devise methods to block the reporting of such data, or to falsify the data before it is reported, which would effectively result in the evasion of the monitoring system Cadence implemented." *Id.* ¶ 5. Therefore, the motions to seal are GRANTED, and the Court will maintain the designated material under seal.

## VI. CONCLUSION

For the foregoing reasons, the Court DENIES HK TZTek's motion to dismiss for lack of personal jurisdiction without prejudice to renewal at summary judgment. The Court GRANTS the motions to seal.

The parties shall meet and confer and file a case management statement with a proposed case schedule by September 3, 2026.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California